## JOHN R. VAN NOTE *vs.* WILLIAM DOWNEY.

1. Previous to the act of 1852, (*Nix. Dig.* 466) the husband, by marriage, acquired a freehold estate in the lands in which the wife held a life estate, and became entitled to the profits thereof during the marriage; and for a trespass committed upon the premises, the husband could maintain an action in his own name.

2. Where a husband acquired an interest in the wife's property previous to the act of 1852, such interest could not be divested; nor was the right to bring an action for trespass thereon impaired by the act: and the husband can maintain an action of trespass as well against the person who owns the fee simple, subject to the life estate of the wife, as against a stranger.

3. If a wife has been compelled to leave her husband by reason of his cruelty, and lives separately from him and supports herself, any right he may have previously acquired to her real estate is not thereby affected, nor does it impair his right to maintain an action for injury to the premises.

4. In such case the wife cannot grant any license to gather the products of the land; and even if she has been permitted by the husband to gather fruits upon the land, and dispose of them for her own benefit, it will not support the inference that she had power to grant the same privilege to others.

An action of trespass was brought in this court, was tried at the Ocean Circuit before a jury, and a verdict rendered for the plaintiff for $150. The defendant moves to set aside the verdict and for a new trial.

Argued at November term, 1859, before the CHIEF JUSTICE and Justices HAINES, VREDENBURGH, and VAN DYKE.

*W. L. Dayton*, for defendant.

*J. D. Bedle*, for plaintiff.

The CHIEF JUSTICE. To an action of trespass *quare clausum fregit*, the defendant pleaded. 1. The general issue. 2. Freehold in Ann Van Note, the wife of the plaintiff, at whose commands and by whose permission the defendant entered. 3. Leave and license. On the trial, the plaintiff showed title to the premises in dispute by virtue of his marriage to Ann, the widow of Adam Woolley, to whom the land was assigned as her dower in the real estate of her deceased husband. The plaintiff was married to Ann Woolley in April, 1850.

At the common law, (and as the law existed in this state prior to the act of 1852) the husband, by his marriage, acquired a freehold estate in the lands in which the wife held an estate for her own life, or the life of another and became entitled to the profits thereof during the marriage. 2 *Kent's Com.* 134.

An action for injuries to the estate during the coverture may be either in the name of the husband alone or of the husband and wife jointly. *Com. Dig., Bar. & Feme, &c.*; 1 *Roper on Husb. and Wife* 215 ; 1 *Chitty's Pl.* (7th ed.) 85.

The motion to nonsuit the plaintiff on the ground that the wife was not properly joined in the action, was properly overruled.

The right to the wife's real estate vested absolutely in

the husband upon the marriage. The plaintiff acquired, by his marriage with Ann Van Note, a vested interest in her real estate, which could not be divested by subsequent legislation. The second section of the act of 1852 could not, therefore, affect the title of the plaintiff to the lands in question. If the act was designed to deprive the husband of his vested interest in the estate of his wife, it was in this respect unconstitutional. 1 *Kent's Com.* 455, *Dash* v. *Van Kleech*, 7 *J. R.* 477. This principle is recognised by this court in *Executors of Henry* v. *Dilley*, 1 *Dutcher* 302.

The fact that the defendant is the owner in fee of the premises subject to the dower right of the plaintiff's wife, can in nowise affect either the right of recovery or the measure of damages. There is no claim of damages for a permanent injury to the freehold.

The plaintiff's title to the premises, in the absence of an actual ouster or adverse enjoyment, draws to it the possession sufficient to maintain trespass. That the wife has been compelled to leave the plaintiff's house by reason of his cruelty ; that she has lived separate and apart from her husband, supported by her own labor or by the defendant ; that the wife has been permitted to pick cranberries upon the premises in question, and to dispose of them to her own use, can neither divest the estate or possession of the husband, or justify a trespass committed at the request and by the authority of the wife.

The motion for a new trial should be denied.

HAINES, J. This was an action of trespass for breaking and entering the close of the plaintiff, and picking and carrying away a quantity of cranberries then growing and being thereon.

At the Ocean Circuit, a verdict was rendered for the plaintiff for the value of the fruit, agreed upon by the parties, and the defendant now seeks to set aside the verdict.

T*

The premises in question had been set off to Ann Woolley, as her dower of and to the real estate of her deceased husband, Adam Woolley, and as such were enjoyed by her until April, 1850, when she married John Van Note, the plaintiff.

By virtue of the marriage contract, the husband became seized of a life estate to the premises in right of his wife, and became entitled to the profits of them during the marriage.

The estate which he thus acquired was such that he could sell or charge it to the extent of his interest. He can take the crops during his life, and his representatives can take, as emblements, the crops growing at his death. 2 *Kent's Com.* 134 ; 2 *Blk. Com.* 433.

"By the marriage the husband acquires, and during the marriage enjoys, a freehold interest in his wife's real estate for their joint lives." *McQueen on Husband and Wife* 27 ; 3 *Coke's Lit.* 305, *and note l.* The effect of this is to put the ownership during coverture entirely in the husband's power. Hence he can alienate it at his pleasure, and his conveyance will pass his interest without his wife's consent.

At the marriage he acquired a vested interest, of which he was not divested by the act of 25th March, 1852, for the better securing the property of married women. *Nix. Dig.* 466.

The 2d section of that act provides, " that the real and personal estate, and the rents, issues, and profits thereof, of any female now married shall not be subject to the disposal of her husband, but shall be her sole and separate property as if she were a single female, except so far as the same may be liable for the debts of her husband by any legal lien.

The real estate in question cannot be regarded as the property of the wife within the meaning of the act. On the marriage the husband became seized of it, and he has the exclusive right to its enjoyment during the coverture.

To that extent it became his property, and was no longer that of the wife, and so was not affected by the act.

The value of a life estate consists in the profits of it; and those profits belonged to the husband exclusively and absolutely. His interest was not contingent, but vested under and by virtue of the marriage contract.

In the case of *The Executors of Henry* ads. *Dilley,* 1 *Dutcher* 302, the property claimed was a residuary legacy which the husband had not reduced into possession, nor had he done any act indicative of an intention to do so. And it was there held that his interest therein was not vested, but only contingent on his reducing it to possession; that his having neglected to do so up to the time the act took effect, the property remained absolutely in the wife, and so became subject to the act for the better securing of the rights of married women, and that the husband could not recover it.

But in this case the interest was vested in the husband, and subject to his control before the passage of that act. He had the right to gather the crops, and to hold responsible to him any one who without his authority gathered and carried them away.

It is further insisted that the court should have left to the jury the question of fact, whether the defendant, who gathered the crop under the direction of the wife, had not an implied license to do so from the husband. But there is no evidence from which such a conclusion could be drawn. The wife had gathered the crops after her second marriage, and had paid the husband for carting them; but that is not a fact from which to infer a license given for the gathering of future crops. The profits of those gathered by the wife were his, and he had a right to exact them of her; and his having allowed her to gather them in previous years gave no authority to the defendant to take them at a subsequent season.

Nor was the legal right of the parties to this property changed by any abuse of the wife by the husband. The

defendant thereby acquired no authority to take the profits, even for the support of the wife. It is not like the case of one furnishing necessaries for the support of a wife, and who thereby acquires a right of action against her husband.

If she has been abused or abandoned she may have redress in a proper tribunal, but this is not the mode of redress to be resorted to.

The rule to show cause must be discharged.

Justices VREDENBURGH and VAN DYKE concurred.

CITED in *Prall* v. *Smith*, 2 *Vr.* 246; *Vreeland* v. *Vreeland's Adm'r.*, 1 *C. E. Gr.* 526; *Porch* v. *Fries*, 3 *C. E. Gr.* 209; *Boston Franklinite Co.* v. *Condit*, 4 *C. E. Gr.* 399; *Dayton* v. *Dusenbury*, 10 *C. E. Gr.* 111.